SUMMONS ISSUED

**REESE RICHMAN LLP**
Michael R. Reese
mreese@reeserichman.com
Kim E. Richman
krichman@reeserichman.com
875 Avenue of Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 27 2012 ★

BROOKLYN OFFICE

*Counsel for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.  12-408

| | |
|---|---|
| CHRIS SHAKE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FRITO-LAY NORTH AMERICA, INC., and PEPSICO, Inc., <br><br> Defendants. | **CLASS ACTION** <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF <br> (1) N.Y. GBL § 349; <br> (2) N.Y. GBL § 350; <br> (3) Breach of Express Warranty <br><br> **DEMAND FOR JURY TRIAL** |

**MAUSKOPF, J.**

**MANN, M.J.**

Plaintiff Chris Shake ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), alleges the following upon personal knowledge as to his own acts and, as to all other allegations, upon information and belief and investigation by counsel.

## NATURE OF ACTION AND SUMMARY OF ALLEGATIONS

1. Plaintiff brings this class action on behalf of himself and a class of persons who purchased any of the following non-organic products sold under the Tostitos and SunChips brand names: Tostitos Restaurant Style Tortilla Chips, Tostitos Bite Size Rounds Tortilla Chips, Tostitos Crispy Rounds Tortilla Chips, Tostitos Multigrain Tortilla Chips, Tostitos Scoops Tortilla Chips, Tostitos Restaurant Style with a Hint of Lime Tortilla Chips, and Tostitos Artisan Recipes Fire-Roasted Chipotle Tortilla Chips (collectively referred to herein as "Tostitos"); and Original Flavor SunChips Multigrain Snacks, Garden Salsa flavored SunChips Multigrain Snacks, French Onion flavored SunChips Multigrain Snacks, Harvest Cheddar flavored SunChips Multigrain Snacks, and Jalepeño Jack flavored SunChips Multigrain Snacks (collectively referred to herein as "SunChips").

2. Tostitos and SunChips are brands owned, developed, marketed, and sold by defendant Frito-Lay North America, Inc. ("Frito-Lay"). Frito-Lay is a wholly owned subsidiary of PepsiCo, Inc. ("PepsiCo") (collectively, "Defendants").

3. Frito-Lay labels certain of its Tostitos and SunChips products as "made with ALL NATURAL ingredients." This representation is central to Frito-Lay's marketing of Tostitos and SunChips, and this label is displayed on the product packaging and on Frito-Lay's website, as well as in advertisements for Tostitos and for SunChips.

4. Tostitos and SunChips products, however, are not made of all natural ingredients. The corn and oils are made from genetically modified ("GM") plants, also referred to as "genetically modified organisms" ("GMOs").

5. The reasonable consumer assumes that GMOs are not "all natural." Thus, Tostitos's and SunChips's advertising is deceptive to consumers.

6. Plaintiff was damaged, in an amount to be determined at trial, because he did not get the "all natural" Tostitos and SunChips products that were advertised and that he paid for.

7. Defendants' wrongful conduct, designed to mislead and deceive consumers into purchasing their Tostitos and SunChips products by labeling them as natural when they are made up of GM ingredients, violates New York General Business Law § 349, which protects consumers from deceptive acts and practices, and New York General Business Law § 350, which protects consumers from false advertising, and constitutes a breach of express warranty.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class members in the proposed Class, the combined claims of proposed Class members exceed $5,000,000 exclusive of interest and costs, and at least one Class Member is a citizen of a state other than Defendants' states of citizenship.

9. Frito-Lay and PepsiCo purposefully avail themselves of the New York consumer market and sell Tostitos and SunChips products in at least hundreds of locations within this District. Frito-Lay's Tostitos and SunChips products are sold at thousands of retail locations throughout New York and purchased by thousands of consumers in New York every day, including many in this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted occurred in this District, and Plaintiff dealt with Defendants, who are located in and/or does business in this District. Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendants conduct substantial business in this District, have sufficient minimum contacts with this District, and otherwise purposely avails themselves of the markets in this District, through the promotion, sale, and marketing of their Tostitos and SunChips products in this District.

## THE PARTIES

11. Plaintiff Chris Shake ("Plaintiff") is a consumer residing in Brooklyn, New York. Mr. Shake regularly purchased either Tostitos or SunChips products for his personal consumption, on a weekly basis in 2011 at Key Foods, Associated, and various bodegas located in Brooklyn. Plaintiff paid a premium price for the Tostitos and SunChips, in that Tositos cost approximately $2.98 per 9 oz. serving siz (or 33.1 cents per ounce) and SunChips cost $3.28 per 10.5 ounce bag (or 31.2 cents per ounce), while rival brands that did not contain the false and misleading "all natural" representations – such as Doritos – cost only $2.58 per 11.5 ounces (or 22.4 cents per ounce). Plaintiff paid this premium price because Plaintiff believed Defendants' representation that their Tostitos and SunChips products were made of "all natural" ingredients. Plaintiff would not have purchased Tostitos and SunChips products but for Defendants' misleading statements that the products were "all natural." Plaintiff was injured in fact and lost money as a result of Defendants' improper conduct. Plaintiff paid for all natural products, but he did not receive such products. Instead, Plaintiff received products that were genetically engineered in a laboratory and had their genetic code artificially altered to exhibit qualities that are not natural.

12. Defendant Frito-Lay is located in Plano, Texas. Frito-Lay markets and distributes Tostitos and SunChips products.

13. Defendant PepsiCo, Inc. is the parent of Frito-Lay and is headquartered in Purchase, New York.

## FACTUAL ALLEGATIONS

### Frito-Lay Advertises Tostitos and SunChips Products As "Made With ALL NATURAL Ingredients"

13. Frito-Lay sells many snack products under the "Tostitos" and "SunChips" brand names. Certain non-organic Tostitos and SunChips products are sold with a label on the front of the bags that states prominently "made with ALL NATURAL ingredients."

14. In addition to this misleading label, Frito-Lay's website has a section entitled "Your Health" with a sub-section entitled "Naturally Delicious" where Defendant makes the following representations:

> We're proud to make so many of the Frito-Lay snacks you love with all natural ingredients. We believe that real flavor comes straight from nature. From farm-fresh tomatoes to fragrant basil to slow-roasted chipotle peppers, we make sure to use the best nature has to offer. Why? Because our snacks go from our home to yours. And for us, there's no better reason.
>
> Natural FAQs
>
> **1. Q: What does it mean when a product is made with all natural ingredients?**
> A: All Frito-Lay snack chips made with natural ingredients start with *all-natural corn* or potatoes and *healthier oils*. For our flavored LAY'S®, TOSTITOS® and SUNCHIPS® products, we are using all natural seasonings that don't have artificial or synthetic ingredients. This means these products don't contain any artificial flavors or artificial preservatives, nor do they use monosodium glutamate (MSG) or partially hydrogenated oil.
>
> **2. Q: *Why do we offer products made with all natural ingredients?***
> A: *We know people are increasingly looking for snacks made with natural ingredients. At Frito-Lay, we are proud to offer a wide range of snack options that taste great and meet everyone's needs.*
>
> **3. Q: Will my favorite Frito-Lay snacks that are made with all natural ingredients still taste as good?**
> A: Yes. We know you have come to expect great-tasting products from us. In fact, many of the products you love have always been all natural. We're proud to offer all natural ingredients in some of your favorite brands and still deliver the great taste you love!

**4. Q: Where can I find Frito-Lay products made with natural ingredients?**
A: *You can find all natural Frito-Lay products in the regular chip aisle. To easily identify our products made with all natural ingredients, look for the all natural stamp.*

**5. Q: Which Frito-Lay products are now made with natural ingredients?**
A: Our original potato chips and tortilla chips have actually always been all natural; *they are made with just three simple ingredients—potatoes or corn, oil and salt.* Now many of your favorite flavored products are made with natural ingredients, too, such as LAY'S® Potato Chips, TOSTITOS® Tortilla Chips and SUNCHIPS® Multigrain Snacks. For a full list of Frito-Lay natural products, please see the list below.

Frito-Lay homepage > Your Health > Naturally Delicious, http://www.fritolay.com/your-health/naturally-delicious.html (last visited January 27, 2012) (emphasis added).

15. The "made with ALL NATURAL ingredients" labeling is prominently displayed on the Tostitos and SunChips bags and is featured on the website as a key way to attract consumers to Defendants' products.

16. The claim that Tostitos and SunChips are "natural" is highly material to the average consumer, which is why Frito-Lay places "made with ALL NATURAL ingredients" on the front of the bags and Tostitos and SunChips product advertisements.

**Tostitos and SunChips Are Made From Genetically Modified Organisms**

17. Tostitos and SunChips are derived from plants grown from GMO seeds that are engineered to, among other things, allow for greater yield and to be resistant to pesticides.

18. According to independent testing conducted on samples of Defendant's "ALL NATURAL" Tostitos and SunChips products, both products tested positive for the presence of GMOs.

**Genetically Modified Organisms Are Not "ALL NATURAL"**

19. Monsanto Company is one of the world's biggest sellers of GMO seeds and an avid GMO-proponent. On its website, Monsanto defines GMOs as follows:

> Plants or animals that have had their *genetic makeup altered to exhibit traits that are not naturally theirs.* In general, genes are taken (copied) from one organism that shows a desired trait and transferred into the genetic code of another organism.

Monsanto~Glossary, http://www.monsanto.com/newsviews/Pages/glossary.aspx#g (last visited January 27, 2012) (emphasis added).

20. The World Health Organization ("WHO"), the division of the United Nations that handles health matters, defines GMOs as follows:

> Genetically modified organisms (GMOs) can be defined as organisms in which *the genetic material (DNA) has been altered in a way that does not occur naturally*. The technology is often called "modern biotechnology" or "gene technology", sometimes also "recombinant DNA technology" or "genetic engineering". It allows selected individual genes to be transferred from one organism into another, also between non-related species.
>
> Such methods are used to create GM plants – which are then used to grow GM food crops.

WHO, 20 questions on genetically modified foods, http://www.who.int/foodsafety/publications/biotech/20questions/en/ (last visited January 27, 2012) (emphasis added).

21. Romer Labs, a company that provides diagnostic solutions to the agricultural industry, explains GMOs as follows:

> Agriculturally important plants are often genetically modified by the insertion of DNA material from outside the organism into the plant's DNA sequence, allowing the plant to *express novel traits that normally would not appear in nature*, such as herbicide or insect resistance. Seed harvested from GMO plants will also contain these [sic] modification.

Romer Labs, http://www.romerlabs.com/en/analytes/genetically-modified-organisms.html (last visited January 27, 2012) (emphasis added).

22. As discussed above, genetically modified organisms are *created artificially* in a laboratory by swapping genetic material across species to exhibit traits not naturally theirs. Since a reasonable consumer assumes that seeds created in such a way are not "all natural," advertising Tostitos and SunChips as natural is deceptive and likely to mislead a reasonable consumer.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks certification of the following Class:

> All persons in the United States who have purchased Tostitos Restaurant Style Tortilla Chips, Tostitos Bite Size Rounds Tortilla Chips, Tostitos Crispy Rounds Tortilla Chips, Tostitos Multigrain Tortilla Chips, Tostitos Scoops Tortilla Chips, Tostitos Restaurant Style with a Hint of Lime Tortilla Chips, Tostitos Artisan Recipes Fire-Roasted Chipotle Tortilla Chips, Original Flavor SunChips Multigrain Snacks, Garden Salsa flavored SunChips Multigrain Snacks, French Onion flavored SunChips Multigrain Snacks, Harvest Cheddar flavored SunChips Multigrain Snacks, and Jalepeño Jack flavored SunChips Multigrain Snacks from January 30, 2008 through the final disposition of this and any and all related actions (the "Class Period").

24. Plaintiff and the members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical, based on Defendants' national marketing and advertising campaigns that target consumers across the country.

25. This action involves questions of law and fact common to Plaintiff and all members of the Class, which include the following:

    (a)    Whether Defendants violated New York General Business Law § 349;

    (b)    Whether Defendant violated New York General Business Law § 350;

    (c)    Whether Defendants' conduct constituted a breach of express warranty; and

    (d)    Whether Plaintiff and Class members sustained damages resulting from Defendants' conduct and, if so, the proper measure of damages, restitution, equitable, or other relief, and the amount and nature of such relief.

26. Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to, or which directly conflict with, the interests of the other members of the Class.

27. Plaintiff has engaged the services of counsel who are experienced in complex class litigation, who will adequately prosecute this action, and who will assert and protect the rights of and otherwise represent Plaintiff and the absent Class members.

28. Plaintiff's claims are typical of those of the absent Class members because Plaintiff and the Class members each sustained damages arising from Defendants' wrongful conduct, as alleged more fully herein.

29. This action is brought under Rule 23 because Defendants have acted on grounds generally applicable to all members of the Class and/or because questions of law or fact common to Class members predominate over any questions affecting only individual members.

30. Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than piecemeal individual determinations.

31. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude maintenance as a class action.

## COUNT I

### Violation of New York General Business Law § 349
### (Deceptive Acts and Practices)

32. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

33. As fully alleged above, throughout the Class Period, by advertising, marketing, distributing, and/or selling the Tostitos and SunChips Products with claims that they were "made with ALL NATURAL ingredients" to Plaintiff and other Class members, Defendants engaged in, and continues to engage in, deceptive acts and practices because Tostitos and SunChips are in fact made from genetically modified organisms that are not natural.

34. Plaintiff and other Class members seek to enjoin such unlawful, deceptive acts and practices as described above. Each of the Class members will be irreparably harmed unless

the unlawful, deceptive actions of Defendant are enjoined in that Defendant will continue to falsely and misleadingly advertise the "ALL NATURAL" nature of its Tostitos and SunChips products.

35. Plaintiff believed Defendants' representation that its Tostitos and SunChips products were made with all natural ingredients. Plaintiff would not have purchased Tostitos or SunChips products but for Defendants' misleading statements about the products' being all natural. Plaintiff was injured in fact and lost money as a result of Defendants' conduct of improperly describing its Tostitos and SunChips products as "natural." Plaintiff paid for all natural products, but he did not receive such products. Instead, Plaintiff received products that were genetically engineered in a laboratory and had their genetic code artificially altered to exhibit qualities that are <u>not</u> natural.

36. Plaintiff and Class members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief, enjoining Defendant from continuing to disseminate its false and misleading statements, and other relief allowable under New York General Business Law § 349.

## COUNT II

### Violation of New York General Business Law § 350
### (False Advertising)

37. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

38. New York General Business Law ("GBL") § 350 makes "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service" in New York unlawful. GBL § 350 defines "false advertising," in relevant part, as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."

39. Throughout the Class Period, by advertising, marketing, distributing, and/or selling the Tostitos and SunChips Products with claims that they were "made with ALL NATURAL ingredients" to Plaintiff and other Class members, Defendants violated GBL § 350

by engaging in, and they continue to violate by continuing to engage in, false advertising concerning the composition of their Tostitos and SunChips products that are made from genetically modified organisms, which are not natural.

40. Plaintiff and other Class members seek to enjoin such unlawful acts and practices as described above. Each of the Class members will be irreparably harmed unless the unlawful actions of Defendant are enjoined in that Defendant will continue to falsely and misleadingly advertise the "ALL NATURAL" nature of its Tostitos and SunChips products.

41. Plaintiff believed Defendants' representation that its Tostitos and SunChips products were made with all natural ingredients. Plaintiff would not have purchased Tostitos or SunChips products but for Defendants' misleading statements about the products' being all natural. Plaintiff was injured in fact and lost money as a result of Defendants' conduct of improperly describing its Tostitos and SunChips products as "natural." Plaintiff paid a premium for the "all natural products", but he did not receive such products. Instead, Plaintiff received products that were genetically engineered in a laboratory and had their genetic code artificially altered to exhibit qualities that are not natural.

42. Plaintiff and Class Members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief, enjoining Defendant from continuing to disseminate its false and misleading statements, and other relief allowable under New York General Business Law § 350.

## COUNT III

### Breach of Express Warranty

43. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

44. Plaintiff, and each member of the Class, formed a contract with Defendants at the time Plaintiff and the other Class members purchased Tostitos and SunChips. The terms of that contract include the promises and affirmations of fact made by Defendants on the packaging for

Tostitos and SunChips and through marketing and advertising, as described above. This marketing and advertising constituted express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and Defendants and between other members of the Class and Defendants.

45. Defendants purport through their advertising to create express warranties of Tostitos and SunChips as natural by making the affirmation of fact, and promising, that Tostitos and SunChips are "All Natural."

46. All conditions precedent to Defendants' liability under these contracts have been performed by Plaintiff and the Class when they purchased the products and used them as directed.

47. Despite Defendants' express warranties about the "all natural" composition of Tostitos and SunChips, those products contain GMOs and, thus, contain ingredients that are not as they are naturally found.

48. Defendants breached express warranties about Tostitos and SunChips and their qualities because the products do not conform to Defendants' affirmations and promises to be natural and provide such benefits described above.

49. As a result of Defendants' breach of express warranty, Plaintiff and the Class members have suffered damages in an amount to be determined at trial in that, among other things, they purchased and paid for products that did not conform to what was promised as promoted, marketed, advertised, packaged, and labeled by Defendants and they were deprived of the benefit of their bargain and spent money on products that did not have any value or had less value than warranted or that they would not have purchased and consumed had they known the true facts about them – i.e., that they were not all natural.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

A. Certification of the proposed Class under Federal Rule of Civil Procedure 23(a) and (b)(3); appointment of Plaintiff as representative of the Class; and appointment of his undersigned counsel as class counsel;

B. A declaration that Defendants are financially responsible for notifying Class members of the pendency of this suit;

C. A declaration that Defendants have committed the violations of law alleged herein;

D. Monetary relief pursuant to GBL § 349 and GBL § 350.

E. An injunction of Defendants' unlawful and deceptive acts and practices pursuant to GBL §§ 349 and 350 as follows to remove language from packaging, marketing, and advertising that represent that the Tostitos and SunChips products containing GMOs are "all natural";

F. Monetary damages, including, but not limited to any compensatory, incidental, or consequential damages in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law, with respect to the common law claims alleged;

G. Statutory damages in the maximum amount provided by law;

H. Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

I. An award of the reasonable costs and expenses of suit, including Plaintiff and Class members' attorneys' fees; and

J. Any further relief that the Court may deem appropriate.

//
//

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: January 27, 2012            **REESE RICHMAN LLP**

*(signature)*
Michael R. Reese
mreese@reeserichman.com
Kim E. Richman
krichman@reeserichman.com
875 Avenue of Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiffs and the Proposed Class*